UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

**PROMETHEUS MARITIME INVESTMENTS, LLC,**

    Plaintiff,

v.                                       Case No: 8:25-cv-941-MSS-CPT

**S/Y DREAMER, A 1995 55' BRUCE ROBERTS SAILBOAT**, former Official No. 1030661, in rem, and her owners, **FERNANDO VILLA AND ZAPALLAL REFORESTATION, INC.**, in personam,

    Defendants.

---

**ORDER**

    **THIS CAUSE** comes before the Court for consideration of United States Magistrate Judge Christopher P. Tuite's Report and Recommendation dated December 31, 2025, (Dkt. 57), which recommends that Plaintiff's Renewed Motion for Interlocutory Sale of Vessel, (Dkt. 33), be granted. No objection has been filed in response to the Report and Recommendation and the time for an objection to be filed has passed. As explained below, the Report and Recommendation is due to be **ADOPTED**.

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court concludes that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 57), is **CONFIRMED** and **ADOPTED** as part of this Order.

2. The United States Marshal for the Middle District of Florida shall sell the Vessel, which is more particularly described as the S/Y Dreamer, a 1995 55' Bruce Roberts Sailboat, former Official No. 1030661, her engines, tackle, apparel, appurtenances, etc., at a public auction for the highest price that can be obtained.

3. The public auction shall take place within thirty (30) days of the issuance of the Court's Order at a date and time acceptable to the United States Marshal or at the Marshal's office located on the Fourth Floor of the Samuel M. Gibbons Courthouse, 801 North Florida Avenue, Tampa, Florida 33601.

4. Prometheus shall give notice of the date, time, and place of the sale to (i) the Vessel's owners and all known lien holders via mail or Federal Express at the owners' address(es) listed on the return of service and via the electronic court filing system; and (ii) the public-at-large by advertising same at least once per week for two successive weeks in the Tampa Bay Times, a newspaper of general circulation within this District, the first advertisement in the publication to be at least seven (7) days before the date of the Court-ordered sale; and the second publication to be at least three (3) days before the date of the sale per Section 5(q) of the Middle District of Florida's Admiralty and Maritime Practice Manual (Practice Manual).

5. Prometheus shall be allowed to credit bid in the amount of $25,000 and to deposit said sum with the United States Marshal in lieu of cash or other funds should it be the highest bidder.

6. The Unites States Marshal shall require at the Court-ordered sale that the highest bidder, except for Prometheus (which—as noted above—is entitled to a credit bid of $25,000), deposit with the United States Marshals for the Middle District of Florida ten percent of the bid price and the remaining purchase price within three (3) days or, if an objection to the sale is received, three (3) days after the confirmation of the sale of the Vessel pursuant to Section 5(r) of the Practice Manual.

7. The United States Marshal shall pay into the registry of the United States District Court for the Middle District of Florida any and all monies received as a result of the sale, and the parties who have asserted claims or liens to such proceeds, including the Defendants here, shall be provided an opportunity to present and argue their case regarding priority and entitlement to such proceeds.

8. The Unites States Marshal shall prepare such documents and reports that may be necessary for the confirmation of the sale by the United States District Court.

9. The confirmation hearing shall be held at the United States District Court for the Middle District of Florida or remotely, at the Court's

discretion, on a date and time to be established by the Court, which shall be after the objection period provided for in Section 5(r)(7) of the Practice Manual. At the confirmation hearing the Parties shall be prepared to discuss how this case will proceed with respect to both Counts of the Verified Complaint.

10. Prometheus shall inform any successful bidder which is not a party to this case of the date and time of the confirmation hearing.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of January 2026.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

5